IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTERO RESOURCES CORPORATION | § § | |
| Plaintiff, | § § § | CIVIL ACTION NO. 4:16-CV-668-Y |
| C&R DOWNHOLE DRILLING, INC., ET AL. | § § § § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE THE COURT'S ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS EVIDENCING WIRE TRANSFERS FROM THE ROBERTSON DEFENDANTS' BANK ACCOUNTS

Pending before the Court is Plaintiff Antero Resources Corp. ("Antero")'s Motion to Enforce the Court's [May 8, 2017] Order Partially Granting Plaintiff's Motion to Compel Documents Evidencing Wire Transfers from the Robertson Defendants' Bank Accounts ("Motion to Enforce") [doc. 187], filed June 22, 2017. In its May 8, 2017 Order, the Court, *inter alia*, ordered the following:

> It is further **ORDERED** that Defendants shall, **no later than June 2, 2017**, produce all documents necessary to identify the recipients of the wire transfers equal to or greater than $10,000 listed in Tommy Robertson's bank statements. The Court expects Defendants to timely provide these documents prior to the deposition of, according to Plaintiff, a scheduled former high-level Antero employee on June 6, 2017.
>
> It is further **ORDERED** that Plaintiff is granted leave to file ten (10) additional interrogatories for the purpose of identifying the recipients of wire transfers from Defendant Tommy Robertson's personal bank accounts or accounts under his control. Such interrogatories shall be served no later than thirty (30) days prior to the deadline to complete discovery.

In its Motion to Enforce, Plaintiff claims that Defendants have refused to comply with the above Court order by only producing wire transfer information from Defendant Tommy Robertson's personal bank accounts and refusing to "produce transfer information from other

1

accounts—indeed accounts held by the named defendants—under Tommy Robertson' control." (Plaintiff's Motion to Enforce ("Pl.'s Mot. to Enforce") at 1-2.) Defendants, on the other hand, argue, *inter alia*, that, based on the specific wording used by the Court in its May 8, 2017 order, Defendants only have to produce documents necessary to identify the recipients of the wire transfers equal to or greater than $10,000 listed in "*Tommy Robertson's bank statements*." (Defendants' Response to Plaintiff's Motion to Enforce ("Defs.' Resp.") at 2 (emphasis in original).)

Having carefully reviewed the Court's May 8, 2017 order as well as all related filings, the Court concludes that Plaintiff's Motion to Enforce should be **GRANTED**. The Court notes that, pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors listed in such rule. It is clear, as originally found in its May 8, 2017 order, that the information sought by Plaintiff is relevant to the multiple causes of actions it is pursuing against Defendants, including claims for breach of contract and fraud. While Defendants claims that they are being overly burdened by having to produce such information, the Court dismisses such arguments in light of the large amount of damages being sought by Plaintiff and Plaintiff's "willingness to reimburse the Robertson defendants if the costs truly are substantial." (Pl.'s Mot. to Enforce at 7.) The Court has grown tired of what appears to be tactics in contravention of the principles set forth in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), which sets forth standards of conduct for counsel and pro-se parties to follow throughout litigation.

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion to Enforce the Court's Order Partially Granting Plaintiff's Motion to Compel Documents Evidencing Wire Transfers

from the Robertson Defendants' Bank Accounts [doc. 187] is **GRANTED** in that the Court clarifies that its May 8, 2017 order [doc. 175] includes the requirement that Defendants produce all documents necessary to identify the recipients of the wire transfers equal to or greater than $10,000 listed in Tommy Robertson's bank statements *or accounts under his control*. Defendants shall produce such documents **no later than September 8, 2017**.

SIGNED August 7, 2017.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE