# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ANTERO RESOURCES CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C&R DOWNHOLE DRILLING, INC., C&R ) <br> DOWNHOLE DRILLING, LLC, BLACK ) <br> DIAMOND HOT SHOT, LLC, STRC ) <br> OILFIELD TECHNOLOGY, LLC, BIG TEX ) <br> WELL SERVICES, LLC, and TOMMY ) <br> ROBERTSON, Individually, ) <br> ) <br> Defendants. ) | Civil Action No.: 4:16-cv-00668-Y <br><br> **(Relates to Motion Referred to Magistrate Judge Cureton)** |

## JOHN KAWCAK'S RESPONSE TO ANTERO'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM JOHN KAWCAK

COMES NOW John Kawcak ("Kawcak"), and files this Response to Antero Resources Corp.'s ("ARC" or "Plaintiff") Motion to Compel the Production of Documents from John Kawcak (Doc. No. 210) (hereafter "ARC's Motion to Compel").

### INTRODUCTION

Kawcak is a third party to the above-styled action, and has been brought into this fight against his will—he is being used as a pawn by both sides. ARC's Motion to Compel seeks production of documents from Kawcak that are cumulative of the requests between the actual litigants, have already been ruled upon by the Court, and that may be obtained through discovery from the parties or through other, less intrusive and less burdensome means, as required in the Fifth Circuit. Indeed, a simple review of the pleadings docket in this case shows that the parties have been fighting over many of the same documents ARC is seeking from Kawcak, and that the

Court has already ordered Defendants to produce responsive documents. Despite this Court's ruling, ARC requests that Kawcak be ordered to produce documents far in excess of what the actual litigants have been ordered to produce. Here, ARC is seeking to compel Kawcak to produce all documents showing transfers in excess of **$1,000.00** from the Defendants, knowing full well that under this Court's order that the Defendants only had to produce information for transfers in excess of **$10,000.00**.

As to ARC's request to compel production of "communications," ARC has not satisfied its burden of showing that the relevant requests are not cumulative to requests served on the actual parties. Nor has ARC satisfied its burden to show that to the extent Kawcak is in possession of communications, transfer documents, or any other responsive information that obtaining them from Kawcak would be less burdensome than obtaining such documents from Defendants, Antero itself, or former Antero personnel "affiliated" with Defendants.

Finally, ARC has been less than diligent. Only after Mr. Kawcak's subpoena from Defendants has been pending for five months does ARC now seek Court intervention. This request is nothing more than an attempt to cost Mr. Kawcak time, money and the intrusion attendant with producing personal documents and interrupting Kawcak's private life. ARC's position is untenable, and its request should be denied.

For the foregoing reasons and in light of the support herein, Kawcak respectfully requests through this response that ARC's Motion to Compel be DENIED, and that ARC be required to reimburse Kawcak for his costs and expenses associated with its Motion to Compel.

## BACKGROUND AND TIMELINE

Kawcak worked for ARC for approximately twelve years (ARC Appx. p. 165), eventually becoming the Operations Superintendent for the Production Division. (ARC Appx. p. 197). He

resigned in November of 2015.  *Id.*  This case was originally filed seven days after Kawcak's effective resignation date [doc. 1].  Kawcak is not a party to this dispute.

Defendants issued the first subpoena on January 12, 2017, to Mr. Kawcak for deposition on January 27, 2017.  Original Subpoena from Defendants to John Kawcak, January 12, 2017 (Kawc. Appx. p. 5).  No documents were requested through Defendants' first subpoena to Kawcak.  *Id.* Originally, Kawcak worked with the parties to schedule Kawcak's deposition on February 14, 2017.  (Kawc. Appx. pp. 8 – 9).  The date for the deposition has repeatedly been scheduled and rescheduled on the following dates:

    1: January 27, 2017;

    2: February 14, 2017;

    3: April 5, 2017;

    4: June 6, 2017;

    5: August 10, 2017.

Original and Amended Subpoenas to John Kawcak (Kawc. Appx.  pp. 6 – 20).

On August 31, 2016, ARC moved to compel Defendants production of several categories of documents.  (Doc. No. 62).  On October 28, 2017, the Court granted Plaintiff's motion with respect to Request Nos. 29, 34, 35, 37, 38, 39, 40, 44, and 47, and denied Plaintiff's motion with respect to Request Nos. 36, 41, 42, and 43 because those requests were "overbroad and oppressive and place an undue burden or expense on Defendant…." [Doc. No. 90].

Later, on April 10, 2017, Plaintiff filed its Motion to Compel Documents Evidencing Wire Transfers from the Robertson Defendants' Bank Accounts [Doc. 156].  On May 8, 2017, acknowledging Plaintiff's stated need for the documents prior to Kawcak's then-scheduled June 6, 2017, deposition date, the Court ordered production of "documents necessary to identify the

recipients of the wire transfers equal to or greater than $10,000 listed in Tommy Robertson's bank statements" no later than June 2, 2017. [Doc. 175].

Then, for the first time, on May 24, 2017, Plaintiff served its document subpoena on Kawcak. (Kawc. Appx. p. 3). The subpoena included Request Nos. 1, 2 and 7, which are the only requests upon which Plaintiff has moved. *See* (ARC Mot. to Compel, at 4 – 5).

Kawcak does not have any Antero materials or devices, such as computers, cellular phones, PDAs, thumb drives, or other storage media. Declaration of John Kawcak ("Kawcak Decl.), ¶ 1 (Kawc. Appx. p. 2). Additionally, Mr. Kawcak has, since the mid-1990s, employed an auto-delete function on his emails, text messages, and other electronic communications. *Id.* ¶ 3.

At some point prior to October 11, 2016, Jeffrey Travis apparently recorded a telephone conversation between himself and Kawcak. (ARC Appx. p. 64). At the time, Kawcak was not represented by counsel, and was not made aware of any protective order entered in the case. Kawc. Decl., ¶ 7 (Kawc. Appx. pp. 21 – 31). During the call, Kawcak stated "I'm never going to let anybody ever see my phone. I can promise you that…." (ARC Mot. to Compel, at 1).

After being informed of the protective order by counsel, Kawcak produced the notes referred to in the transaction recorded by Mr. Travis. (*See* ARC Appx. 90).

## AUTHORITY AND ARGUMENT

ARC moved to compel Kawcak's production of documents without citing a single sentence of authority. Generally, under Federal Rule of Civil Procedure 45, the Court may "quash or modify a subpoena if it…(4) subjects a person to undue burden."

To determine "whether a subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the

documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004). Additionally, a court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*

ARC's Motion to Compel unabashedly seeks to compel not only irrelevant and cumulative documents, but documents that are outside the scope of the actual subpoena that serves as the basis for its motion, and should be denied.

The Court has already addressed many of the factors required for the proper analysis under *Wiwa*. For example, to the extent any requested documents are relevant and/or ARC has shown a need to obtain the documents for this case, the Court has already ordered *the parties* to produce them, or ARC has obtained them from other third parties. *See, e.g.* Order Partially Granting Plaintiff's Motion to Compel Documents Evidencing Wire Transfers from the Robertson Defendants' Bank Accounts [doc. 175], *and* Thompson Decl. ¶ 6 (ARC Appx. p. 190). Regarding the third and fourth factors, the breadth and time period of the document requests, Kawcak does not dispute the limitations placed on Request No. 1, because the documents are specifically limited to communications regarding the lawsuit. However, factors three and four with respect to Request Nos. 2 and 7 are neither limited in time or scope, and are overbroad, as they are neither limited in time or scope, and are facially overbroad, as shown below.

Factors five and six from *Wiwa* are not satisfied with respect to any of ARC's requests, based on the cumulative nature of the requests, the lack of particularity of the requests, and the ability of ARC to obtain the requested documents from actual parties (and with respect to Request

5

No. 1 ARC's stated success in obtaining the requested documents from third parties), and the previous orders of this Court.

### a. Each of ARC's Requests Represent an Undue Burden on Mr. Kawcak

ARC only moves on three specific requests, yet seek the Court's enforcement of far greater intrusion than what is contained in the subpoena. The three document requests are replicated below:

> **DOCUMENTS REQUESTED**
>
> **Request for Production No. 1:** Documents sufficient to show all communications you have had with Tommy Robertson, Jeff Pattridge, Landon West, and Chance Richie about this lawsuit, including text messages and emails.
>
> **Request for Production No. 2:** Documents sufficient to show all records, notes, and/or memoranda concerning Your work at Antero, including any documents evidencing meetings about operations or pricing. This request covers documents that are contained on Your electronic devices, including cellphones, computers, and tablets.
>
> **Request for Production No. 7:** Documents sufficient to show the transfer of anything $1,000 or above (including but not limited to checks, deposits, payroll records, Form W-2, and wage and tax statements) from the Robertson defendants, Tommy Robertson, or any entity affiliated with Tommy Robertson to You.

ARC Appx. pp. 178 – 79.

### Request for Production No. 1

Kawcak simply does not have documents responsive to Request No. 1. Decl. of John Kawcak, ¶¶ 1-2 (Kawc. Appx. p. 2). To the extent Defendants seek access to Kawcak's personal

6

devices, Kawcak does not presently own any of the same devices, personal, or otherwise, that he owned while he was employed at ARC. *Id*. Further, Request No. 1 seeks communications with *parties* to this action. As such, before harassing Kawcak, ARC should seek the documents from the actual parties themselves, as opposed to Kawcak. With respect to communications between Tommy Robertson or other Defendants and Kawcak, there is no justification for seeking communications that are ostensibly available from those parties, if at all, whether through Defendants' own devices or through their cellular and/or email providers.

Additionally, and at least as importantly, ARC is only seeking communications between Kawcak and one of two categories of individuals – Defendants, or third parties who they state that they already have access to their devices. Taking ARC's representations at face value, there is therefore no need to bother Kawcak at the eleventh hour for documents that it either has, or should have (a) obtained from a party, or (b) obtained from other third parties who were subpoenaed long before Kawcak. As Mr. Thompson states in his declaration: "Other third-party witnesses provided Antero access to their electronic devices using the protocol Antero intends to use on Kawcak's phone. Antero intends to use the same procedures that it used **to successfully to retrieve communications from the devices of other third parties** in this matter." Thompson Decl., ¶ 6 (ARC Appx. p. 190) (emphasis added). Why then, does ARC seek to obtain the cumulative information that may, or may not be available using procedures that it has yet to disclose to Kawcak to go fishing through his personal information? There is no justifiable reason.

**Request for Production No. 2**

The entire basis for ARC's motion is the allegation that Kawcak has notes that he withheld from production that are on his cellular telephone. The "smoking gun" that ARC points to is merely a list of names and telephone numbers that, once identified, Kawcak gladly turned over in

production. *See* ARC Appx. at 90 (Document KAWC-000016). This document bears no facial relationship to this lawsuit, and in any event, and shows that ARC is simply on a fishing expedition.

**Request for Production No. 7**

The final request ARC complains about is facially overbroad and completely unnecessary. First, this Court has previously ruled that even the Defendants themselves need only produce financial records in excess of $10,000 [doc. 175], yet ARC seeks Kawcak's personal, financial records for any transaction over $1,000. Second, ARC <u>already has the information they are seeking from Kawcak</u>. *See, e.g.*, (ARC Appx. pp. 119 – 163). Finally, Kawcak is unaware of any additional financial records that are in his possession, custody, or control. Kawcak Decl. ¶ 6 (Kawc. Appx. p. 3).

**b. Kawcak Has Been Fully Cooperative in Providing His Testimony in this Matter**

Kawcak has acted more than reasonably in working with the parties in discovery. Kawcak has already appeared for one deposition in this matter, and has agreed to appear again so that ARC can have equal time based on its cross-subpoena (served two days before Kawcak's deposition). During his first deposition, Kawcak was on the record for approximately five and one-half hours of examination by Defendants' counsel, and approximately one-half hour of examination by ARC's counsel. During the deposition, Kawcak agreed to appear for another five and one-half hours of examination by ARC and another half-hour of deposition by Defendant once the various motions to compel have been determined by the Court.

Without exception, all of the documents ARC is requesting the Court to compel Kawcak to produce within the scope of documents sought from Defendants, or cumulative of documents already obtained from other third parties. The Court therefore should deny the duplicative requests to Kawcak.

## CONCLUSION

For the reasons stated herein, Kawcak respectfully requests that the Court DENY ARC's Motion to Compel, and ORDER ARC to pay the Kawcak's costs and fees associated with responding to this Motion to Compel, which will be provided upon request by the Court.


Dated: August 21, 2017.                    Respectfully submitted,


                                            */s/ Decker A. Cammack*
                                            Decker A. Cammack
                                            Texas Bar No. 24036311
                                            dcammack@whitakerchalk.com
                                            Brent Shellhorse
                                            Texas Bar No. 24008022
                                            bshellhorse@whitakerchalk.com
                                            **WHITAKER CHALK SWINDLE**
                                                **& SCHWARTZ PLLC**
                                            301 Commerce Street, Suite 3500
                                            Fort Worth, Texas 76102
                                            Phone: (817) 878-0500
                                            Fax: (817) 878-0501

                                            *Counsel for Respondent John Kawcak*


## CERTIFICATE OF SERVICE

     I hereby certify that on August 21, 2017, a copy of the foregoing is being filed with the court and notice hereof will be sent to all counsel of record through the Court's ECF system.


                                            */s/ Decker A. Cammack*
                                            Decker A. Cammack