IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTERO RESOURCES CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-668-Y |
| | § | |
| C&R DOWNHOLE DRILLING INC., ET AL. | § | |
| | § | |
| DEFENDANTS. | § | |

## <u>DEFENDANT TOMMY ROBERTSON, INDIVIDUALLY'S MOTION TO COMPEL RESPONSES TO THIRD AND FOURTH SETS OF INTERROGATORIES AND REQUEST FOR ADMISSION</u>

Defendant Tommy Robertson, Individually ("Robertson"), files this Motion to Compel Responses to Third and Fourth Sets of Interrogatories and Request for Admission (the "Motion"), and respectfully moves this Court for an Order pursuant to Rule 37 compelling Plaintiff Antero Resources Corporation ("Antero") to provide responses to Robertson's Third and Fourth Sets of Interrogatories and to fully respond to Robertson's Request for Admission No. 3. In support of this Motion, Robertson states as follows:

## I.
### MOTION

1.   Robertson has been unable to get even the most basic information from Antero in this lawsuit.

2.   Antero's latest set of disclosures reveal that it seeks $11.4 million in alleged overbillings, $22.4 million in consequential damages, and more than $200 million in disgorgement from all Defendants, including Robertson, individually.  App. 067-070.

3.   Antero has served seven separate sets of discovery requests, including eight third-party document subpoenas, 188 requests for production, 32 interrogatories, and 161 requests for

**DEFENDANT TOMMY ROBERTSON, INDIVIDUALLY'S
MOTION TO COMPEL RESPONSES TO THIRD AND
FOURTH SETS OF INTERROGATORIES AND REQUEST FOR ADMISSION          PAGE 1**

admission.

4. Defendants C&R Downhole Drilling, Inc., C&R Downhole Drilling, LLC, Black Diamond Hot Shot, LLC, STRC Oilfield Technology, LLC, and Big Tex Well Services, LLC (collectively, the "Entity Defendants") and Robertson (collectively, with Entity Defendants, "Defendants"), while represented by the same counsel, served 10 interrogatories, which Antero answered on July 13, 2016, and a second set of 14 interrogatories, which Antero answered on January 10, 2017.  App. 020-027, 060-064.

5. On February 1, 2018, Robertson served Antero with his Third Set of Interrogatories, asking six interrogatories regarding Antero's positions in this lawsuit.  App. 071-077.

6. On February 8, 2018, Robertson served Antero with his Fourth Set of Interrogatories, asking an additional three interrogatories about Antero's positions in this lawsuit.  App. 078-084.

7. On March 5, 2018, Antero served Robertson with Plaintiff's Response to Defendant Tommy Robertson, Individually's Third and Fourth Sets of Interrogatories.  Antero refused to provide any substantive responses or individual objections, instead objecting that each was supernumerary to the first 24 interrogatories.  App. 085-089.

8. On March 12, 2018, Antero responded to Entity Defendants' and Robertson's First Requests for Admission.  App. 092-094.  On March 16, 2018, Antero amended its responses to Entity Defendants' and Robertson's First Requests for Admission.  App. 098-101.

9. Robertson seeks to compel answers to his Third and Fourth Sets of Interrogatories (collectively, the "Interrogatories") and Request for Admission No. 3.

II.

ARGUMENT AND AUTHORITIES

A.  **The Court Should Compel Antero to Answer the Interrogatories**

Federal Rule of Civil Procedure 33 provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Antero sued six Defendants. Antero therefore should have expected to answer up to 150 interrogatories. Although Antero has brought at least six different claims for relief and seeks more than $200 million in damages, it has refused to answer more than 24 total interrogatories.

Antero has taken the position that the First and Second Set of Interrogatories, which were served collectively by all six Defendants, who, at that time, were represented by the same counsel, counted as six interrogatories for each interrogatory actually posed, and that the interrogatories are therefore supernumerary. However, Antero has not offered any basis for answering only 24 interrogatories, total, rather than 25.

When Antero answered the first 24 interrogatories, Antero did not answer as though each were posed separately by each Defendant; it group-pleaded its answer to the same extent as it does in its live Second Amended Complaint. For example, Interrogatory No. 9 asked: "Identify all individuals involved in any review and/or approval of Defendants' invoices and/or field tickets before or at the time such invoices and/or field tickets were paid by Antero." App. 027. After boilerplate objections, Antero responded that: "Plaintiff states as follows: John Kawcak, Jeff Partridge, Landon West." *Id.* Antero did not specify which individual reviewed which Defendants' invoices, or note that Robertson, individually, did not submit any invoices. *Id.* Similarly, on November 23, 2016, when Interrogatory No. 5 of Defendants' Second Set of

**DEFENDANT TOMMY ROBERTSON, INDIVIDUALLY'S**
**MOTION TO COMPEL RESPONSES TO THIRD AND**
**FOURTH SETS OF INTERROGATORIES AND REQUEST FOR ADMISSION          PAGE 3**

Discovery Requests asked Antero to: "Please state the most currently known contact information including physical and mailing address, phone numbers, email addresses for Art Shane," Antero did not need to repeat its response six times. App. 062. Indeed, Antero should have included the information sought by Interrogatory No. 5 in its initial disclosures, but it had not. Thus, the Interrogatories are not supernumerary and the Court should order Antero to answer Robertson's nine individual interrogatories.

Next, even assuming, *arguendo*, that Antero was correct that it was only required to answer 24 interrogatories, total, without order of the Court, the Court should order Antero to answer the Interrogatories.

> Rule 26(b)(2) provides that additional discovery should be allowed unless: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Frequently, the issue becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party.

*Estate of Manship v. United States*, 232 F.R.D. 552, 559 (M.D. La. 2005), aff'd, (M.D. La. Jan. 13, 2006) (compelling additional interrogatory responses). "The purpose of the limit on interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device." *Id*. at n. 1. These factors all weigh heavily in favor of compelling Antero to answer the Interrogatories.

Robertson conferred extensively with Antero over more than a week in an effort to obtain answers to these Interrogatories by some other means. App. 090-091. Antero instead took the

position that Robertson simply could not obtain this information by any means and would have to await trial to discover Antero's positions.

The Interrogatories do not ask that Antero marshal its proof or compile evidence. Instead, they are directed simply to Antero's positions in this case—positions that are impossible to divine from its live Second Amended Complaint (or its proposed Third Amended Complaint), its disclosures, or its witnesses' testimony. For example, Antero alleges in both its live Second Amended Complaint and proposed Third Amended Complaint that "Defendants' invoices, bills, and statements and other documents and representations contain false and misleading information, including overbilling for supervisory work. The [Entity] Defendants and Tommy Robertson made these and other representations knowing that they were false, intending for Antero to rely on them." Second Amended Complaint at ¶ 46. These allegations beg the question - which "invoices?" Which "other representations?" Antero refuses to inform Robertson, presumably so that he cannot defend himself.

Thus, in Interrogatory No. 21, for example, Robertson simply asked that: "If you contend that Robertson, individually, made fraudulent or negligent misrepresentations to you, please identify the statements by speaker, witnesses (if oral), substance, date, place, medium or method of transmission, and recipient." App. 082. This information was required by Rule 9(b) to be included in the Second Amended Complaint. *See Webb v. Everhome Mortg.*, 704 F. App'x 327, 329 (5th Cir. 2017). However, it was not.

Rule 9(b) applies with equal force to Antero's alter ego and fraudulent transfer allegations, but Antero has only alleged that Robertson has "either diverted C&R Downhole LLC's assets to his own bank accounts or diverted the assets to entities that he controlled." Second Amended Complaint at ¶ 32. Antero has had more than two years of discovery since making this allegation.

Antero should be able to say which transfers it calls fraudulent at this point, and why. *See* App. 075-076 (Interrogatories 18-20). Otherwise, Robertson is in the untenable position of attempting to prove a negative; he must defend each transaction that each entity made in its lifespan. Because fraudulent intent "must be affirmatively shown and will not be presumed," Antero cannot shift the burden of narrowing the issues for trial to the Defendants when it is Antero's responsibility to set out its theory of the case. *Sterquell v. Scott*, 140 S.W.3d 453, 460 (Tex. App. — Amarillo 2004, no pet.). Indeed, "[i]t is the creditor's burden to offer evidence addressing the elements of fraudulent transfer as to each transfer." *Doyle v. Kontemporary Builders, Inc.*, No. 05–10–01510–CV, 2012 WL 1623031, at *3 (Tex. App.— Dallas May 8, 2012, no pet.) (*citing Walker v. Anderson*, 232 S.W.3d 899, 913 (Tex. App. — Dallas 2007, no pet.)). These disclosures should have been in the Second Amended Complaint. If they are not in the Second Amended Complaint, the proposed Third Amended Complaint, any disclosure, or any expert's testimony, Antero should either answer the Interrogatory or dismiss the fraudulent transfer allegations and the alter ego claim predicated on them.

Robertson served the Interrogatories in an attempt to avoid the necessity of filing a Rule 12(c) motion, which would surely kick off another round of attempted amendments of pleadings. *See* Dkt. 252 (Robertson's Motion for Judgment on the Pleadings and Brief in Support); Dkt. 253 (Anteros Motion Under Federal Rules of Civil Procedure 16(b) and 15(a) Seeking Leave to File Plaintiff's Third Amended Complaint). Antero refused to short-circuit this costly motion practice, even after Robertson asked Antero if there was any possible way - depositions, stipulations, or otherwise - to obtain this information. App. 090. Thus, the Interrogatories ask questions which should be answered by Antero's pleadings. If Antero argues in response to Robertson's Rule 12(c) motion that it can amend to cure its pleading deficiencies, it should be able to answer the

Interrogatories at the same time. Thus, the burden is negligible, unless Antero determines to moot both this Motion and Robertson's Motion for Judgment on the Pleadings by dismissing the claims against him individually, which are each grounded in fraud.

Robertson is not attempting to make Antero do more than it was already required by the Rules to do, much less expend the effort that might ordinarily be expected for a party seeking more than $200 million in damages. For example, Interrogatory No. 23 asks Antero to "[p]lease provide the calculation of each category of damages you seek against Robertson, individually, for each of your causes of action." App. 082. This information was required to be provided in Antero's Rule 26(a)(1)(A)(iii) initial disclosures, but was not. Robertson has attempted every discovery device available in an effort to divine the nature of the claims against him. Robertson simply wants to know what Antero's allegations against him are so that he can defend himself properly. Antero should not be allowed to wait until trial to disclose what, exactly, it thinks Robertson did wrong.

**B.     The Court Should Compel Antero to Answer Request for Admission No. 3**

Robertson's Request for Admission No. 3 asks Antero to "[a]dmit that Antero could have used other vendors or service providers to perform all work charged in each Disputed Invoice." App. 093. Antero's original response, delivered 30 days after service, was that, "[t]his request violates the Robertson defendants' duty to forth their requests simply and directly and to avoid vague and ambiguous requests that prohibit Antero from answering the request with a simple admit or deny without an explanation, especially when this request is phrased as a hypothetical. Antero is unable to admit or deny this request for admission the way it is presented." *Id*.

Although the request was hardly vague, Robertson, in good faith, attempted to walk Antero through the information sought, explaining via counsel that the information sought was "whether any of the defendants was providing a unique service or item, or whether everything was available

in the market from another vendor." App. 095. Antero then amended its response to assert different objections, arguing that the request was overbroad and unduly burdensome, and that it could not admit or deny because the persons who approved the invoices no longer work for Antero. App. 099.

First, Antero cannot assert new objections after the time due for responses. Second, asking about each transaction Antero challenges is hardly overbroad - if Antero intends to prove at trial that 10,500 unique charges were each, separately, individually, and uniquely wrongful, then evidence relating to each charge is individually discoverable. Antero cannot claim that its case is simply too big to prove. The Court should require Antero to admit or deny that the charges disputed were charges for which a market existed, which is relevant evidence to Robertson's defense. Antero's current response is improper, and it must admit or deny its response, invoice by invoice, or admit the answer as a whole.

### III.
### REQUEST FOR RELIEF

Robertson requests that the Court enter an Order compelling Antero to provide responses to Robertson's Third and Fourth Sets of Interrogatories and to admit or deny Robertson's Request for Admission No. 3. Robertson further moves this Court for an Order awarding Robertson his costs and attorneys' fees in bringing this Motion, and such other relief as the Court deems appropriate.

    Respectfully submitted,

*/s/ Jacob B. Kring*
**Jacob B. Kring**
Texas State Bar No. 24062831
**Laura M. Fontaine**
Texas State Bar No. 24065239

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Telephone:  (214) 880-9600
Telecopier:  (214) 481-1844
Jacob@hedrickkring.com
Laura@hedrickkring.com

**ATTORNEYS FOR DEFENDANT TOMMY ROBERTSON, INDIVIDUALLY**

### CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with counsel for Antero regarding the substance of the foregoing Motion by e-mail.  I have further conferred with counsel for Antero by telephone.  At this time I have not received a commitment for Antero to provide responses to the Third and Fourth Sets of Interrogatories, and Antero has informed Robertson that it stands on its answer to Request for Admission No. 3.  Accordingly, this Motion is submitted to the Court for its determination.

*/s/ Laura M. Fontaine*
Laura M. Fontaine

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant Tommy Robertson, Individually's Motion to Compel Responses to Third and Fourth Sets of Interrogatories and Request for Admission has been served on the following counsel of record via electronic mail on this 23rd day of March 2018.

Daniel H. Charest
Will Thompson
BURNS CHAREST LLP
900 Jackson, Suite 500
Dallas, Texas 75202
dcharest@burnscharest.com
wthompson@burnscharest.com

Kevin G. Corcoran
Robert Booth
MILLS SHIRLEY LLP
Three Riverway, Suite 100
Houston, Texas 77056
kcorcoran@millsshirley.com
rbooth@millsshirley.com

J. Frank "Jeff" Kinsel, Jr.
Scott Fredricks
Derek Carson
CANTEY HANGER LLP
600 West 6th Street, Ste. 300
Fort Worth, Texas 76102
Jkinsel@canteyhanger.com
sfredricks@canteyhanger.com
dcarson@canteyhanger.com

                                        */s/ Jacob B. Kring*
                                        Jacob B. Kring