IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTERO RESOURCES CORPORATION, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-668-Y |
| | § | |
| C&R DOWNHOLE DRILLING, INC., C&R, | § | |
| DOWNHOLE DRILLING, LLC, BLACK | § | |
| DIAMOND HOT SHOT, LLC, STRC | § | |
| OILFIELD TECHONOLOGY, LLC, BIG TEX | § | |
| WELL SERVICES, LLC, and TOMMY | § | |
| ROBERTSON, Individually. | § | |
| | § | |
| DEFENDANTS. | § | |

**ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO COMPEL RESPONSES TO THIRD AND FOURTH SETS OF INTERROGATORIES AND REQUEST FOR ADMISSION**

Pending before the Court are two motions. First, on March 5, 2018, Plaintiff Antero Resources Corporation ("Antero") filed a Motion for Protective Order [doc. 249] against Defendant Tommy Robertson ("Robertson"), in his individual capacity.[1] Robertson responded to Antero's motion by filing both a response, as well as filing a Motion to Compel Responses to Third and Fourth Sets of Interrogatories and Request for Admission [doc. 257] ("Motion to Compel").[2] Having carefully reviewed the motions, responses, and replies, the

---

[1] Plaintiff states it is seeking a protective order on the basis that some federal courts have held, or suggested, that a responding party must seek a protective order before responding to the interrogatories or their objection is waived. (Plaintiff's Motion to Compel at 1, fn. 1.)

[2] Robertson filed a timely response to Antero's objection by generally referencing his Motion to Compel Responses to Third and Fourth Sets of Interrogatories and Request for Admission.

1

Court concludes that Plaintiff's motion should be **PARTIALLY GRANTED** and Defendant's motion should be **DENIED**.

## I.   BACKGROUND

On December 7, 2015, Plaintiff filed suit against Tommy Robertson, and companies under his control, alleging that Defendants orchestrated a scheme to overbill for goods and services related to Antero's oil and gas operations in West Virginia.  On May 12, 2016, Defendants C&R Downhole Drilling, Inc., C&R Downhole Drilling, LLC, Black Diamond Hot Shot, LLC, STRC Oilfield Technology, LLC, Big Tex Well Services, LLC, and Tommy Robertson, individually (hereinafter collectively referred to as the "Robertson Defendants") served on Antero its First Set of Discovery Requests, which contained ten interrogatories. (Pl.'s Mot. at 2; *see* Appendix to Antero's Motion for Protective Order ("Pl.'s App.") at 2-19.)  Thereafter, on November 23, 2016, the Robertson Defendants served on Antero its Second Discovery Requests, which contained fourteen additional interrogatories. (Pl.'s Mot. at 2; *see* Pl.'s App. at 21-36.)  On February 1, 2018, Robertson, in his individual capacity, served on Antero his Third Set of Interrogatories, which contained six additional interrogatories. (Pl.'s Mot. at 3; *see* Pl.'s App. at 38-44.)  Later, on February 8, 2018, Robertson, again in his individual capacity, served on Antero his Fourth Set of Interrogatories, which contained three additional interrogatories. (Pl.'s Mot. at 3; *see* Pl.'s App. at 38-50.)

## II. ANALYSIS

### A. Interrogatories

In its Motion for Protective Order, Antero requests, *inter alia*, that the Court "protect[] it from responding to the [third and fourth set of] interrogatories on the grounds that Robertson has exceeded" the permitted limit of twenty-five interrogatories set forth in Federal Rule of Civil Procedure ("Rule") 33(a)(1) by serving Antero with thirty-three interrogatories. (Plaintiff's Motion for Protective Order ("Pl.'s Mot.") at 1.) Specifically, Antero argues that, because Robertson has failed to comply with the limitations on the number of interrogatories set forth in the Rules and also failed to seek leave of Court to increase the maximum allowable number of interrogatories, Antero is entitled to a protective order. Antero "requests that the interrogatories be stricken without leave to amend or revise them." (Pl.'s Mot. at 1.)

As noted above, Robertson responded to Antero's Motion for Protective Order by filing a response as well as a Motion to Compel. Robertson, noting Antero has already answered twenty-four interrogatories, argues, *inter alia*, that the Court should compel Antero to answer the nine additional interrogatories contained in the third and fourth sets of interrogatories because the interrogatories ask questions that should have been answered in Antero's pleadings. (Defendant's Motion to Compel ("Def. Mot. to Compel") at 5.) In addition, Robertson argues that Antero should answer more than twenty-four interrogatories because this is a complex lawsuit in which "Antero has brought at least six different claims for relief and seeks more than $200 million in damages." (Def.'s Mot. to Compel at 3.)

3

As set forth above, Rule 33(a)(1) limits the number of written interrogatories that may be served by one party on another party to twenty-five, including discrete subparts. Fed. R. Civ. P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." *Id.* The seeking party must show why the benefits of additional interrogatories outweigh any burden to the opposing party. *See Shaw Group, Inc. v. Zurich Am. Ins. Co.*, No. 12–257–JJB–RLB, 2014 WL 1816494, at *2 (M.D. La. May 7, 2014) (denying request for leave to serve additional interrogatories because party had not timely requested leave and made no "particularized showing" of good cause "why the court should grant it leave to re-serve" the unanswered interrogatories); *Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 148 (5th Cir. 1996) (denying request to exceed number of allowed interrogatories where plaintiff "did not explain why additional interrogatories were necessary, beyond stating that the information related to [defendant's] defenses in some unspecified way").

Further, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" when the party seeking it demonstrates good cause. Fed. R. Civ. P. 26(c)(1); *see Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citations omitted). Once a trial court has determined a protective order is justified, the court "enjoys wide discretion in setting the parameters of a protective order" because Rule 26(c) allows the "court to decide

when a protective order is appropriate and what degree of protection is required." *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, 2017 WL 1426933 (E.D. La. 2017); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

After review, it is clear that Robertson has exceeded the written interrogatory limit of twenty-five as set forth in Rule 33(a)(1) by requesting a total of thirty-three written interrogatories from Antero, without seeking leave from the Court to request more. Although, under the rules, each of the six Defendants could have separately served twenty-five interrogatories on Antero, the Robertson Defendants chose to collectively serve twenty-four interrogatories—ten interrogatories served in the First Set on May 12, 2016 and the fourteen interrogatories served in the Second Set on November 23, 2016. Therefore, the Court agrees with Antero that eight of the nine additional interrogatories—six interrogatories served in the Third Set on February 1, 2018 and three interrogatories served in the fourth set on February 8, 2018—that were from Robertson in his individual capacity exceed Robertson's twenty-five written interrogatory limit. Thus, Robertson is entitled to specify which one of the nine additional interrogatories in the third and fourth sets that he desires to have answered by Antero, bringing his total interrogatories served on Antero to twenty-five. In addition, the remaining Robertson Defendants (other than Robertson individually) each have one remaining written interrogatory available because Antero has only answered twenty-four interrogatories from each Defendant. Therefore, Plaintiff's Motion for Protective Order should be **PARTIALLY GRANTED** in that Antero is protected from answering eight of the nine interrogatories contained in the Third and Fourth Sets and Robertson shall notify Antero which one interrogatory he wants answered.

B. <u>Request for Admission</u>

In his Motion to Compel, Robertson also requests this Court to compel Antero to fully respond to his request for Admission No. 3, which states, "Admit that Antero could have used other vendors or service providers to perform all work charged in each Disputed Invoice." (Def.'s Mot. at 7; *see* Defendant's Appendix in Support of Motion to Compel ("Def. App.") at 93.) On March 12, 2018, Antero responded to such request for admission as follows:

> This request violates the Robertson defendant's duty to forth [sic] their requests simply and directly and to avoid vague and ambiguous requests that prohibit Antero from answering the request with a simple admit or deny without an explanation, especially when this request is phrased as a hypothetical. Antero is unable to admit or deny this request for admission the way it is presented.

(Def.'s App. at 93.) Antero later amended its response as follows:

> Antero is claiming damages relating to around 10,500 unique charges. Counsel for the Robertson defendants, Laura Fontaine, wrote that this request demands that Antero provide unique responses as to each disputed service, which in effect turns this request for admission into 10,500 unique requests covering the time period between 2013 and 2015. A request for 10,500 separate requests is patently overbroad and unduly burdensome. Moreover, Antero has insufficient knowledge at this time to admit or deny these 10,500 requests. John Kawcak, Jeff Partridge, and Landon West decided on vendors to use, and they no longer work for Antero. In fact, some or all of them are currently cooperating with the Robertson defendants. So, the Robertson defendants actually have better access to the people with the relevant information to answer this response, but there is no way to expect Kawcak, Partridge, and West would be able to provide specific responses as to 10,500 separate charges. Further, the term "Antero could have used other vendors" is unclear. The Robertson defendants were chosen because, using payments and benefits totaling over $1 million, they corrupted the Antero personnel responsible for vendor selection. Because of these corrupting payments, it is not clear whether Antero "could have used" other vendors.

(Def.'s App. at 99.)

Robertson asserts in his motion that, if Antero intends to prove at trial that 10,500 unique charges were each separately, individually, and uniquely wrongful, then evidence relating to each charge is individually discoverable. (Def's. Mot. to Compel at 8.) Antero, in its response, argues that such request is vague and unclear. Specifically, Antero states:

> During the meet and confer process, Antero noted that Request for Admission No. 3 was not sufficiently clear. Antero noted that the term "could have used other vendors "was unclear because Robertson has corrupted the Antero personnel charged with hiring vendors through millions of dollars in cash payment and other benefits. If Robertson bought off Antero's personnel, it is not clear whether Antero "could have used other vendors." Counsel for Robertson didn't substantively respond to Antero's argument that the term "could have used other vendors" was vague because in the context of the kickback scheme, instead responding, "I think I'm using phrases we can all understand."
>
> In addition to the vagueness objection, Antero noted that the payments for its pricing claim "relat[e] to tens if not thousands of goods and services." Antero further stated that it was not clear if Robertson was asking "Antero to admit or deny [that Antero could have used other vendors] as to every single service or good it was ever provided." Robertson responded that Request for Admission No. 3 required Antero to provide individual responses to every single good and service that is at issue in this case.

(Plaintiff's Brief in Opposition to Defendant's Motion to Compel ("Pl.'s Br. in Opposition") at 4) (internal citations omitted).)

Rule 36(a)(1) provides that a party may serve written requests for admission pertaining to the truth of any matters within the scope of Rule 26(b)(1) relating to, as relevant here, "facts, the application of law to fact, or opinions about either; and [ ] the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A). Admissions should only include matters that will not later be subject to challenge or are facts in dispute. *In re* Carney, 258 F. 3d 415 (5th Cir. 2001). Rule 36(a)(4), which details the requirements of an answer to a request for admission, states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36(a)(4).

Although this Court does not agree with all of Plaintiff's arguments, it is clear that whether other vendors were available is disputed in this case. In fact, it the very foundation in which Plaintiff rests its case—Plaintiff argues that Defendants became the only vendor available when they allegedly created a kickback scheme with Antero's employees such that Defendants had a monopoly over Antero's operations. Consequently, the Court concludes that the portion of Defendant's Motion to Compel relating to the request for admission should be **DENIED.**

### III.  CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Protective Order [doc. 249] is **PARTIALLY GRANTED** in that Antero is protected from answering eight of the nine interrogatories contained in the Third and Fourth Sets.

It is further **ORDERED** that Robertson, **no later than July 6, 2018**, shall notify Antero which one interrogatory in the Third and Fourth Sets that he wants answered.

It is further **ORDERED** that Antero, **no later than July 16, 2018,** shall serve its answer to such specified interrogatory.

It is further **ORDERED** that Defendant's Motion to Compel Responses to Third and Fourth Sets of Interrogatories and Request for Admission [doc. 257] is **DENIED**.

SIGNED June 27, 2018.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE