**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| ANTERO RESOURCES CORPORATION, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>JOHN KAWCAK, §<br>§<br>Third-Party Defendant. §<br>§ | Civil Action No.:  4:16-cv-00668-Y<br><br>JURY TRIAL DEMANDED |

**KAWCAK MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO FRCP 50(a) AND/OR FOR  DIRECTED VERDICT ON
RICO AND AFFIRMATIVE FRAUD CLAIMS
WITH BRIEF IN SUPPORT**

**COMES NOW** John Kawcak (Kawcak) and moves the Court to grant judgment as a matter of law or a directed verdict on Antero Resources Corporation (Antero's) RICO and affirmative fraud claims, showing:

**A.     STANDARD OF REVIEW**.

The standard for judgment as a matter of law is:

(a) Judgment as a Matter of Law.
  (1) *In General*. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would ***not have a legally sufficient evidentiary basis*** to find for the party on that issue, the court may:
      (A) Resolve the issue against the party; and
      (B) Grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a).  Additionally, the standard for granting a directed verdict is as follows:

On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence--not just that evidence which supports the non-mover's case--but in the light and with all reasonable inferences most favorable

to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper.

*MBank Houston, Nat'l Ass'n v. Armco, Inc.*, 1 F.3d 1439, 1446 (5th Cir. 1993).

Kawcak submits that the facts and the inferences point so strongly and overwhelmingly in favor of Kawcak on one or more of the elements of Antero's RICO and affirmative fraud claims that reasonable men could not arrive at a contrary verdict but that those claims fail, and this motion should be granted dismissing those claims.

**B.     NO SUBSTANTIVE RACKETEERING OFFENSE DEMONSTRATED.**

The first type of RICO claim that Antero brings against Kawcak is a "substantive racketeering offense" under RICO Section 1962(c). Section 1962(c) provides that a person who is employed by or associated with an enterprise cannot conduct the enterprise's affairs through a pattern of racketeering. To succeed on its claim, Antero had to provide evidence of the existence of (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 559 (5th Cir. 2015); *Murex, LLC v. GRC Fuels, Inc.*, No. 3:15-CV-3789-B, 2016 WL 4207994, 2016 U.S. Dist. LEXIS 105391, *33 (N.D. Tex. Aug. 10, 2016) (Boyle, J.).

"Racketeering activity" means any of what are referred to as "predicate acts" as specified in RICO 1961(1). *Zastrow* at 559. Antero claims that Kawcak has committed such predicate acts, consisting of the following:

(1)     commercial bribery under Texas Penal Code Section 32.43;

(2)     mail fraud under 18 U.S.C. Section 13431; or

(3)     wire fraud under 18 U.S.C. Section 1343.

**KAWCAK MOTION FOR JUDGMENT AS A MATTER OF LAW AND/OR FOR DIRECTED VERDICT ON RICO AND AFFIRMATIVE FRAUD CLAIMS**                                    **PG. | 2**
DM576361

A "pattern" of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Zastrow* at 560.

Regardless of these elements, however, **Antero has shown no sufficient evidence of the required element of an "enterprise."** An "enterprise" is a group of persons or entities associating together for the common purpose of engaging in a course of conduct. The type of enterprise Antero invokes is an "association-in-fact" enterprise, which must have an ongoing organization or be a continuing unit, such that the enterprise has an existence that can be defined apart from the commission of the predicate acts. *Zastrow* at 562; *Murex*, 2016 U.S. Dist. LEXIS 105391, *33-36. In other words, **if the only proof is that the alleged enterprise is constituted by the alleged racketeering activity itself, this is not sufficient to find the existence of an enterprise, as that must exist separate and apart from the pattern of racketeering activity in which it engages**. *Zastrow* at 562; *Murex*, 2016 U.S. Dist. LEXIS 105391, *35; *see also Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019); *Nelson v. Nelson*, 833 F.3d 965, 968 (8th Cir. 2016), citing *United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages."); *Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004) ("If briber and bribed constitute, solely by virtue of that unlovely relation, a RICO enterprise, then any time one person bribes another both have violated RICO. We cannot see the sense of that.").

Here, all Antero is claiming against Kawcak is that he was accepting bribes from Tommy Robertson so that Robertson could be Antero's vendor. There was no evidence that he was "in league" with anyone, just that some others besides himself also received payments from Tommy Robertson. "The [RICO enterprise] entity does not have to be a formal or legal entity, but it must have some sort of hierarchical or consensual decision-making structure...." *Walker*, *supra*. No

evidence was introduced that anything of this nature existed.  This wholly fails to establish the requisite enterprise and the RICO claim should be dismissed.

## C.   NO RICO CONSPIRACY DEMONSTRATED.

In order to show a RICO conspiracy, Antero has to demonstrate that two or more persons, including Kawcak, agreed to commit a substantive RICO offense and that each alleged conspirator knew of and agreed to the overall objective of the RICO offense. There must be an agreement involving each of the alleged conspirators to commit at least two predicate acts. Each alleged conspirator must understand the scope of the **enterprise** and knowingly agree to further its affairs through committing substantive RICO offenses. *Walker v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-379, 2017 WL 11639369, 2017 U.S. Dist. LEXIS 236012, *24 (E.D. Tex. May 1, 2017), *aff'd*, 938 F.3d 724 (5th Cir. 2019), citing 18 U.S.C. § 1962(d), *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010), *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139-40 (5th Cir. 1992), *United States v. Marcello*, 537 F. Supp. 1364, 1379 (E.D. La. 1982), *aff'd sub nom. United States v. Roemer*, 703 F.2d 805 (5th Cir. 1983).

However, unless at least one of the alleged coconspirators committed two **substantive** violations of RICO, then Kawcak cannot be held liable as a conspirator. Without an **enterprise**, there could be no **substantive violations**, so there cannot be any **conspiracy liability** of Kawcak, regardless of his "state of mind." Moreover, under the Eleventh Circuit Pattern Jury Charge that Antero invokes, "similar conduct" standing along is insufficient to prove a conspiracy:

> Mere similarity of conduct among various persons and the fact that there may have associated with each other, and may have assembled together and discussed common aims and interests doesn't necessarily show the existence of a conspiracy.

Eleventh Cir. Pattern Jury Instr. (Civil Cases) § 7.4 (2022). Thus, both because there is no enterprise for there to be any possibility of a RICO violation to be conspired concerning, and also

because there was no evidence of anything other than "similarity of conduct," the conspiracy claim also should not be submitted to the jury, but should be dismissed.

## D.   NO RICO DAMAGES.

There must also be a "business or property" injury to recover under civil RICO, and this does not include that sought, by Antero, *i.e.*, reduction in the value or worth of its business, as that is speculative, not concrete. *Cf.*:

> A RICO injury must affect the plaintiff's "business or property," which ordinarily means that there must be "concrete financial loss." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 492 n.16 (5th Cir. 2003). When an injury is "speculative and does not show a conclusive financial loss," it does not constitute an injury under RICO. *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995).

*Earl v. Boeing Co.*, 339 F.R.D. 391, 425 (E.D. Tex. 2021), *appeal filed*, No. 21-40720 (5th Cir. Dec. 22, 2021). So Antero's RICO claims fail because Antero's claimed damages are "speculative" and not a "conclusive financial loss." They should be dismissed on this basis as well.

## E.   NO PROOF OF AFFIRMATIVE MISREPRESENTATION.

Antero claimed that Kawcak was guilty of two separate types of fraud—affirmative misrepresentations and nondisclosure of material facts. However, all the proof at trial only went towards nondisclosure—no single *affirmative* misrepresentation of Kawcak was testified to. Therefore, that claim should be dismissed, and only a nondisclosure claim submitted to the jury.

**WHEREFORE**, Kawcak prays that the Court direct a verdict on Antero's RICO claims and affirmative misrepresentation fraud claim in favor of Kawcak.

Respectfully submitted,

*/s/ Decker A. Cammack*
Decker A. Cammack (Lead Counsel)
Texas Bar No. 24036311
dcammack@whitakerchalk.com

Mack Ed Swindle
Texas Bar No. 19587500
mswindle@whitakerchalk.com

Thomas F. Harkins, Jr.
Texas Bar No. 09000990
tharkins@whitakerchalk.com

Brian J. Smith
Texas Bar No. 24079353
bsmith@whitakerchalk.com

**WHITAKER CHALK SWINDLE
  & SCHWARTZ PLLC**

301 Commerce Street, Suite 3500
Fort Worth, TX 76102
Phone: (817) 878-0500
FAX: (817) 878-0501

**COUNSEL FOR THIRD-PARTY
DEFENDANT JOHN KAWCAK**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2022, I served this document on all counsel of record via ECF.

*/s/ Decker A. Cammack*